```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT


-------------------------------- x
THOMAS C. BOSCARINO, CHAPTER 7   :
TRUSTEE,                         :
                                 :
          Plaintiff,             :
                                 :
v.                               :     Civil No. 3:16-cv-69(AWT)
                                 :
PEOPLE'S UNITED BANK, N.A.,      :
                                 :
          Defendant/Third-Party  :
          Plaintiff,             :
                                 :
v.                               :
                                 :
UNITED ADJUSTERS, LLC; TANCRETI, :
PHIPPS, HOFFMAN & BILLER – UNITED:
ADJUSTERS LLC; BILLER ADJUSTERS  :
LLC; ALAN B. TANCRETI; JOHN D.   :
BILLER; DAMIAN MENDEL; SANDERS H.:
HOFFMAN; ZULFIKAR H. JAFRI; WAJIH:
JAFRI; AND ASKARI JAFRI,         :
                                 :
          Third-Party Defendants.:
                                 :
-------------------------------- x
```

**ORDER RE PARTIAL MOTION TO DISMISS THIRD-PARTY COMPLAINT**

For the reasons set forth below, Third-Party Defendants' Motion to Dismiss Certain Counts of the Third-Party Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 32), filed by the United Adjusters Third-Party Defendants, is hereby DENIED.

**Count Nine:   Conversion**

"The tort of conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights."

Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 43-44 (2000).  The United Adjusters Third-Party Defendants argue that the Third-Party Plaintiff has failed to allege legal ownership of the funds represented by the Joint Payee Checks.  However, in Count Nine, ¶ 103 of the Third-Party Complaint, the Third-Party Plaintiff incorporates by reference the allegations in ¶¶ 1-65; in those paragraphs, the Third-Party Plaintiff alleges that the Third-Party Defendants deposited the Joint Payee Checks into bank accounts with the Third-Party Plaintiff.

In Bassett v. City Bank & Trust Co., 115 Conn. 1, 14 (1932), the court held that "while depositors in the savings department have special rights in the fund, they are not the owners of it, the title being in the bank as such."  See also Medilink Ins. Co., Ltd. v. Comerica Bank, No. 09-13692, 2011 WL 1103644, at *7 (E.D. Mich. Mar. 23, 2011) ("[T]itle to funds in a general deposit account resides with the bank, and the account owner retains 'only an entitlement to recoupment of an equivalent sum upon demand, having loaned the bank the amount deposited.'" (quoting Riverview Co-op., Inc. v. First Nat'l Bank & Trust Co. of Mich., 337 N.W.2d 225, 229 (Mich. 1983)); People's Nat'l Bank of Wash. v. United States, 608 F. Supp. 672, 675 (W.D. Wash. 1984) ("[O]nce money is deposited in a general bank account, title to the money passes to the bank."), aff'd, 777 F.2d 459 (9th Cir. 1985).

Thus, the Third-Party Plaintiff has alleged facts showing its legal ownership of the funds represented by the Joint Payee Checks.  Because Count Nine plausibly states a claim for conversion, the motion to dismiss is being denied as to this count.

**Count Ten**:     **Forgery**

The United Adjusters Third-Party Defendants contend that the Third-Party Plaintiff has not stated a claim for forgery because it fails to explain how the Joint Payee Checks might have been falsely made or altered by any of the United Adjusters Third-Party Defendants.  The Third-Party Plaintiff has explained that it is not relying on that portion of Conn. Gen. Stat. § 52-565, but rather on the portion of the statute that makes a person liable if the person "knowingly utters, as true, any document falsely made, altered, forged or counterfeited."  The Third-Party Plaintiff then cites State v. Segar, 96 Conn. 428 (1921) for the meaning of the term "to utter":

> To utter is to offer.  Bishop's Statutory Crimes, § 306, says that in forgery "it means to offer by some overt act, as one who offers a forged instrument intending it shall be received as good utters it whether accepted or not."  To the same effect is the definition in Bouvier's Law Dictionary, in the Standard Dictionary, and in others.  See, also, Clark's Criminal Law, § 414.

96 Conn. at 430.  In Count Ten, ¶ 107, the Third-Party Plaintiff incorporates by reference the allegations in ¶¶ 1-65, and in its opposition memorandum, it identifies paragraphs in that section of

the complaint alleging facts that could establish that the United Adjusters Third-Party Defendants knowingly uttered forged instruments.

Therefore, the motion to dismiss is being denied as to this count.

**Count Eleven**:   **Civil Conspiracy to Commit Fraudulent Misrepresentation, Conversion and Forgery**

The elements of:

> a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.

Macomber v. Travelers Property & Cas. Corp., 277 Conn. 617, 635-36 (2006).  "[T]here is no independent claim of civil conspiracy. Rather, [t]he action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself. . . . Thus, to state a cause of action, a claim of civil conspiracy must be joined with an allegation of a substantive tort." Larobina v. McDonald, 274 Conn. 394, 408 (2005) (alterations in original).  "[A] proper allegation of conspiracy in a civil complaint must set forth with certainty facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary

course of events, would proximately cause injury to the plaintiff." In re Trilegiant Corp., Inc., 11 F. Supp. 3d 132, 146 (D. Conn. 2014). However, it is sufficient to establish liability if "one or more persons, by express or tacit agreement, act in combination with another for a particular purpose or to attain a particular end." Harp v. King, 266 Conn. 747, 781 (2003).

The United Adjusters Third-Party Defendants contend that the "Third-Party Plaintiff does not allege any facts showing an agreement between any of the United Adjusters Defendants (either amongst themselves or with a member of the Jafri Defendants) to commit a fraudulent misrepresentation, conversion and/or forgery, or state facts setting forth a specific act taken by any one of the Third-Party Defendants in furtherance of such a scheme." T-P Defs.' Mem. 13 (Doc. No. 33).

In Count Eleven, ¶ 111, the Third-Party Plaintiff incorporates by reference the allegations in ¶¶ 1-65. In its opposition, the Third-Party Plaintiff summarizes allegations with respect to conduct and acts by the United Adjusters Third-Party Defendants and with the Jafri Third-Party Defendants, which the court agrees support this claim:

> Facilitating and securing insurance checks[;] organizing and endorsing them (or at least purporting to endorse them)[;] ignoring Bankruptcy court rules[;] conducting the transactions in the United Adjusters' account to evade the Debtor's DIP account monitored by and reportable to the U.S. Trustee and Bankruptcy Court[;] filing false, misleading or deceptive pleadings with the

-5-

> Bankruptcy court[;] not obtaining Bankruptcy Court approval for any of their conduct[;] depositing the three checks as endorsed by the United Adjusters Third-Party [D]efendants and the Jafri Third-Party Defendants into their respective accounts at PUB under false pretense[;] and misrepresentation to PUB that they were properly payable, omitting to inform PUB of any of their conduct and the circumstances and then quickly drawing on and/or expending the funds for their own benefit. Third-Party Compl[.] at ¶¶ 31, 36, 38-59.

T-P Pl.'s Mem. 14 (Doc. No. 41). The Third-Party Plaintiff has plausibly alleged a claim for civil conspiracy to commit fraudulent misrepresentation, conversion and forgery. Therefore, the motion to dismiss is being denied as to this count.

**Count Twelve**:   **CUTPA**

Although the United Adjusters Third-Party Defendants state at the beginning of the section of their memorandum addressed to this count that "[t]he Third-Party Complaint is devoid of factual allegations in support of Third-Party Plaintiff's claim for unfair trade practices pursuant to [CUTPA]," T-P Defs.' Mem. 14, it appears that the true basis for their motion with respect to this count is their contention that the Third-Party Complaint fails to give notice of what unfair acts are claimed and how they harmed the Third-Party Plaintiff. See T-P Defs.' Reply Mem. 8 (Doc. No. 48). The United Adjusters Third-Party Defendants also argue that the Third-Party Complaint does not allege that the Third-Party Plaintiff suffered an ascertainable loss.

In Count Twelve, ¶ 115, the Third-Party Plaintiff incorporates by reference the allegations in ¶¶ 1-65. As explained by the Third-Party Plaintiff in its opposition, T-P Pl.'s Mem. 15-18, which directs the court's attention to, for example, ¶¶ 27-59, "the Third-Party Complaint alleges a plethora of unfair, deceptive, unethical, unscrupulous and fraudulent conduct by the United Adjuster[s] Third-Party Defendants in trade or commerce."

Therefore, the motion to dismiss is being denied as to this count.

It is so ordered.

Signed this 30th day of March, 2017, at Hartford, Connecticut.

                                                      /s/ AWT
                                                Alvin W. Thompson
                                                United States District Judge