```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
THOMAS C. BOSCARINO, CHAPTER 7   :
TRUSTEE,                         :
                                 :
         Plaintiff,              :
                                 :
v.                               :     Civil No. 3:16-cv-69(AWT)
                                 :
PEOPLE'S UNITED BANK, N.A.,      :
                                 :
         Defendant.              :
-------------------------------- x
```

## ORDER RE EVIDENTIARY HEARING

Key to a determination on the issue of standing in connection with the motion to dismiss filed by defendant People's United Bank, N.A. is the question of whether Ittleson Trust 2010-1 and Ittleson Whitehall Hotel, LLC had absolutely and irrevocably assigned the causes of action alleged in the Trustee's complaint to the Debtor's bankruptcy estate such that they were, prior to the filing of this action, property of the estate. People's United Bank, in its opposition, raises a material question with respect to this issue, and the court does not find the answer to that question in the documents that have been submitted with the parties' filings.

"Article III standing needs to be established, not merely pleaded, in order to give a federal court the authority to exercise . . . jurisdiction." All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 86 n.4 (2d Cir. 2006).

"[O]nce the Defendant['s] motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) put[s] the Plaintiff['s] Article III standing in issue, the District Court has leeway as to the procedure it wishes to follow." Id. at 87-88 (footnotes omitted) (citing Gibbs v. Buck, 307 U.S. 66, 71-72 (1930)). The court concludes that under the circumstances in this case, it is most appropriate that the court hold an evidentiary hearing with respect to the assignments. See id. at 88 ("[I]f a genuine dispute of material fact exists, the Court may conduct a hearing limited to Article III standing.").

No later than **April 7, 2017**, the Trustee shall provide to counsel for People's United Bank (with a copy to chambers): (1) all documents executed in connection with the assignments, and (2) the names of the individuals who effectuated the assignments. Chambers will contact counsel to schedule the evidentiary hearing.

People's United Bank, N.A.'s Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. No. 29) is hereby DENIED without prejudice to renewal and supplementation, if desired, after the evidentiary hearing.

It is so ordered.

Signed this 30th day of March, 2017, at Hartford, Connecticut.

                                           /s/ AWT
                                    Alvin W. Thompson
                                    United States District Judge